The appellant, as plaintiff, brought her suit sounding in tort against the defendant-appellee for the alleged negligence of the defendant in the operation of an automobile at a time when plaintiff was a passenger.
After the plaintiff had introduced all her evidence and rested her case, the trial judge announced that he would grant the defendant's motion for a directed verdict, whereupon plaintiff took a non-suit and thereupon instituted this appeal.
The appellant assigns as error the granting of the defendant's motion for a directed verdict, and the appellee has made a cross-assignment of error that the act of the trial judge in overruling the defendant-appellee's demurrer to plaintiff's declaration.
The declaration was in one count, as follows: "On or about May 22d 1947, the defendant was operating and driving an automobile on the public highway traveling from Sarasota to Bradenton, Florida; at that time and place the plaintiff was a passenger in the said automobile and did not pay for such transportation; that the defendant was guilty of gross negligence in the operation of the automobile in that she carelessly and negligently ran off the highway traveling at a high rate of speed, although there was no excuse or reason for her so to do, the highway at that time and place being a wide paved highway and being one of the principal arteries of travel *Page 822 
in the State of Florida; that as a result of the gross negligence and carelessness of the defendant, plaintiff was seriously injured in that she was severely cut in and about her head and scalp and seriously bruised in and about her breasts and body, in her right shoulder, right arm and left leg, the bones being broken and the ligaments torn with multiple breaks in the bones and, as a further direct result of said negligence and carelessness of the defendant, the plaintiff has been required to expend large amounts of money for hospital and doctors' bills and will continue to be required to pay large amounts of money for such bills and surgical supplies; that the plaintiff will continue over a long period of time and probably for the remainder of her life to suffer from said injuries."
It is our conclusion that the declaration states a cause of action within Section 320.59, F.S. 1941, F.S.A., and that appellee's cross-assignment of error is not well founded.
Now, addressing ourselves to the appellant's assignment that the trial judge erred in directing a verdict for the defendant because of the insufficiency of the evidence, we find the substance of the evidence to be as follows:
Plaintiff and defendant lived in St. Petersburg and went to Sarasota in defendant's automobile on May 22, 1947, to attend the dog races. The defendant won the Daily Double, almost $200.00. They decided to leave the races about 9.00 P.M., so as to catch the ferry that left for St. Petersburg between 9:00 and 10:00 o'clock P.M. Defendant divided the money which she won with plaintiff. They travelled north on the main arterial highway that runs north and south along the coast. Plaintiff testified that she thought defendant was driving very fast and said that they had plenty of time to catch the ferry; that the night was clear, not cloudy, not rainy, the defendant was a good driver and the car was in good mechanical condition; that on approaching a curve plaintiff said: "Slow down, we're to the curve" and that is the last thing she remembered. There was no interval of time between that remark and when she ceased to remember. The next she remembered she was in the hospital. Plaintiff called the defendant, her friend, as her witness, and the defendant was not a reluctant witness. The defendant testified that the ferry was about twelve miles from the dog track and they had gone about four miles when all of a sudden she saw some red lights away up high to her right and she thought, "Oh, I must be coming to that curve," so she tried to make it and knew she couldn't and swung over to the left and went down something and the left side of her car hit an obstruction of some sort; that she suddenly just went to that side, why she doesn't know; that what she saw coming was a motor vehicle, which she assumed to be a truck because of the red lights; that she was not confused, but that that caused her to think she was nearer the curve than she thought she was; that she knew about the curve but did not expect it so soon; that she had been driving automobiles for more than thirty years; that when she saw this car coming with the lights on it she was driving near the center and she swerved her car to the right and did not run off the pavement on the right side and did not know whether she ever straightened her car out before she ran off on the left side; that she does not know what happened to the truck but did not hit it; that she did not lose control of her car but she did not know why she made that turn — she just didn't know why; that she did not know why she turned to the left; that she made a mistake when she went to the left and did not know why she did it.
It is our conclusion that plaintiff's evidence was sufficient to establish a prima facie case and that the trial judge erred in sustaining the defendant's motion for a directed verdict. *Page 823